UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDRA INGERSOLL,
an individual,

    Plaintiff,

vs.

RLJ III - EM TAMPA DT, LLC,
a Delaware Limited Liability Company,

    Defendant.

CASE NO.: 8:21-cv-2951

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, ALEXANDRA INGERSOLL, by and through her undersigned counsel, hereby files this Complaint and sues RLJ III - EM TAMPA DT, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, ALEXANDRA INGERSOLL, (hereinafter referred to as "Ms. Ingersoll") is a resident of the State of North Carolina in Wake County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from quadriplegia due to catastrophic C-6 spinal cord injury sustained in a 2010 diving accident. As a result, she is permanently disabled from the chest down.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking, standing, grasping and must utilize a wheelchair for mobility.

6. Defendant, RLJ III - EM TAMPA DT, LLC, (hereinafter referred to as "Defendant") is a Delaware Limited Liability Company, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner and operator of the real property and improvements, which are the subject of this action, to wit: the "Property", Embassy Suites by Hilton Tampa Downtown Convention Center, generally located at 513 S Florida Ave, Tampa, FL, 33602 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Hillsborough County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a large hotel which is open to the public is consequently a place of public accommodation subject to the ADA.

10. Plaintiff (and her husband) were guests at the Defendant's hotel from October 22, 2021 through October 27, 2021. Furthermore, Plaintiff plans to visit again in late 2022 for another vacation if and when the barriers to access described herein are remedied.

11.     During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural and policy barriers discussed in this Complaint.  Moreover, but for the inaccessible condition of the Property and discriminatory policies toward the disabled, Plaintiff would visit the Property more often.

12.     Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13.     Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14.     Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

    A.     Plaintiff booked a disabled use room online using the official Hilton Hotels website.  Plaintiff then called the Defendant's hotel to verify and confirm with the desk manager of the hotel that she would get a <u>disabled use room with a roll-in shower</u>.  The desk manager confirmed this would be the case over the phone in advance of her trip. However, when Plaintiff arrived at the Defendant's Property and went to her room, it did not have a roll-in shower.[1]  Moreover, although the room Plaintiff was assigned was designated for disabled use, it lacked many required accessibility features which Plaintiff personally encountered and which made her stay more difficult:

---

[1] After Plaintiff subsequently complained to the hotel manager that her "accessible" room lacked a roll-in shower, the manager claimed that despite her reservation and confirmation, no roll-in shower guestrooms were available at the time of her stay.  He also offered to move her to a more accessible room when/if one became available.

    i. The bed in Plaintiff's guestroom was too high for her to independently transfer onto or off of from her wheelchair. This required that her husband physically lift her onto the bed and off of the bed causing a great deal of inconvenience and discomfort to Plaintiff and her husband.

    ii. The sink in the guestroom lacked knee clearance for a person in a wheelchair due to cabinetry blocking the underside of the sink. This made it impossible for Plaintiff to pull up to the sink directly and utilize the sink.

    iii. The closets lacked any lowered clothing racks within the reach range for Plaintiff who is in a wheelchair. This made it impossible for Plaintiff to independently hang her clothing in the closets.

    iv. The iron was placed on a high shelf in the closet outside the reach range for Plaintiff who is in a wheelchair. This made it impossible for Plaintiff to use the iron independently.

    v. The clothing hooks throughout the guestroom were all too high and outside the reach range for Plaintiff who is in a wheelchair. This made it impossible for Plaintiff to hang her clothing or towels independently.

B. Plaintiff personally encountered an inaccessible restroom within her guestroom at the Property. Specifically, her guestroom restroom was deficient in that:

    i. The restroom shower has a lip at the bottom and was not a "roll-in" type shower so was not usable by Plaintiff in a wheelchair. Moreover, the shower did not provide a fixed shower chair, a removable shower wand or adequate shower dimensions. Due to these issues, Plaintiff was forced to clean herself on the bed with towels instead of having a proper shower.

    ii. The toilet in the restroom lacked any grab bars on the back or side walls which would allow for a safe transfer from her wheelchair onto the toilet. This prevented her from using the toilet in the guestroom.

    iii. The sink in the restroom lacked any knee clearance due to cabinetry blocking the area under the sink. Moreover, the mirror above the sink was too high for Plaintiff to properly use. Due to these issues, Plaintiff was unable to conveniently use the sink unless she pulled up to the sink sideways which was very difficult.

C. Plaintiff personally encountered inaccessible routes throughout the Property and specifically near the pool area outside due to tables, chairs and lounges which were placed in such a way as to obstruct the accessible paths. These conditions made it difficult for Plaintiff to maneuver throughout these areas in her wheelchair.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron once the issues herein are addressed, Plaintiff additionally intends to return to the Property as an ADA tester to verify whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

  A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

  B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

  C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with

    disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Date: <u>December 20, 2021.</u>

    Respectfully Submitted,

    KU & MUSSMAN, P.A.
    18501 Pines Blvd, Suite 209-A
    Pembroke Pines, Florida 33029
    Tel: (305) 891-1322
    Fax: (954) 686-3976
    Louis@kumussman.com

    By: <u>*/s/ Louis I. Mussman*</u>
    Louis I. Mussman, Esq.
    (FL Bar # 597155)
    Brian T. Ku, Esq.
    (FL Bar #: 610461)